IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DAVID MILLER                                              PLAINTIFF

v.                          CIVIL ACTION NO. 5:17-cv-41-DCB-MTP

MISSISSIPPI RESOURCES, LLC                                DEFENDANT

ORDER AND OPINION

This cause is before the Court on the defendant's Motion to Dismiss Count IV of Plaintiff's Complaint for Temporary Restraining Order and Injunctive Relief (docket entry 4). Having carefully considered the motion, memoranda, and applicable statutory and case law, and being otherwise fully informed in the premises, the Court finds and orders as follows:

I. Background

Plaintiff David Miller ("Miller") is a landowner in Pike County, Mississippi, whose property is subject to certain mineral leases, rights of way, and surface agreements allowing Mississippi Resources, LLC ("Mississippi Resources") to access his property for the purpose of oil and gas production and the use of a saltwater pipeline. Doc. 1-1, pp. 3-4. According to Miller, Mississippi Resources' production activities are causing "extensive surface and subsurface contamination, consisting of saltwater contamination, oil and other hydrocarbon contamination, [and] production waste contamination," which has resulted in "clean-up

1

costs...diminution of property values, and irreparable health hazards" to the plaintiff's livestock, pets, and family. Id. at 4.

On March 14, 2017, Miller filed a Complaint against Mississippi Resources in the County Court of Pike County, Mississippi, alleging claims of negligence, negligence *per se*, and negligent infliction of emotional distress arising from the defendant's alleged contamination of Miller's property. In Count IV of his Complaint, Miller also seeks a temporary restraining order and preliminary injunction to prohibit Mississippi Resources from entering and continuing operations on his property "unless said defendant is there to clean up and/or restore and/or pay for damages." Doc. 1-1, p. 6.

Mississippi Resources removed the action to this Court on April 3, 2017, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332.[1] On April 17, 2017, the defendant filed a motion to dismiss Count IV of Miller's Complaint. Miller timely filed a response in opposition to the motion, wherein he moves the Court to issue an immediate order restraining Mississippi Resources from operating its saltwater disposal well.

---

[1] Though neither party opposes jurisdiction, the Court observes that the parties are diverse. The plaintiff is a resident of Mississippi, and the defendant is a Delaware limited liability company with its principal place of business in Louisiana. All of the defendant's members are alleged to reside in Louisiana, Texas, or New York. The amount in controversy also appears to exceed $75,000. See Doc. 1.

2

## II. Discussion

Federal Rule of Civil Procedure 65 governs temporary restraining orders and preliminary injunctions. A preliminary injunction serves to "preserve the status quo and thus prevent irreparable harm until the respective rights of the parties can be ascertained during a trial on the merits," and the decision to grant or deny a preliminary injunction lies within the discretion of the trial court. City of Dallas v. Delta Air Lines, Inc., 847 F.3d 279, 285 (5th Cir. 2017). Temporary restraining orders are "simply highly accelerated and temporary form[s] of preliminary injunctive relief," which serve to preserve the status quo and prevent irreparable harm so long as is necessary to hold a hearing. RW Development, LLC v. Cuningham Grp. Architecture, Inc., 2012 WL 3258782, at *2 (S.D. Miss. Aug. 8, 2012).

The party moving for either form of relief under Rule 65 must demonstrate:

> (1) a substantial likelihood that plaintiff will prevail on the merits, (2) a substantial threat that irreparable injury will result if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm to defendant, and (4) that granting the preliminary injunction will not disserve the public interest.

Miss. Power & Light Co. v. United Gas Pipe Line Co., 760 F.2d 618, 621 (5th Cir. 1985). Temporary restraining orders and preliminary injunctions are "extraordinary and drastic" remed[ies], not to be granted routinely but only when the movant, by a clear showing,

3

carries a burden of persuasion" on all elements. U.S. Bank Nat'l Ass'n. v. Lakeview Retail Prop. Owner, LLC, 2016 WL 626548, at *3 (S.D. Miss. Feb. 16, 2016) (quoting Black Fire Fighters Ass'n of Dallas v. City of Dallas, Tex., 905 F.2d 63 (5th Cir. 1990)); see also Miss. Power & Light Co., 760 F.2d at 621 ("the decision to grant a preliminary injunction is to be treated as the exception rather than the rule"); Trinity USA Operating, LLC v. Barker, 844 F. Supp. 2d 781, 785 (S.D. Miss. 2011) ("the enormity of the relief is difficult to overstate"). To obtain pre-trial injunctive relief, the movant essentially must show "that [his] case is so particularly unusual, the strength of the case so particularly great, and the risk of incurable injury so particularly unbearable that the promise of a typical day in court ultimately will serve no practical purpose." Trinity, 844 F. Supp. 2d at 785. If the movant fails to carry its burden on any one of the four elements set forth above, the Court must deny the request for injunctive relief. Enterprise Intern., Inc., v. Corp. Estatal Petrolera Ecuatoriana, 764 F.2d 464, 472 (5th Cir. 1985).

The existence of irreparable injury is "[p]erhaps the single most important prerequisite for the issuance of preliminary injunction." Id. at 786. Generally, an injury or harm is irreparable where there is no adequate remedy at law, such as monetary damages. Janvey v. Alguire, 647 F.3d 585, 600 (5th Cir. 2011); see Johnson Controls, Inc. v. Guidry, 724 F. Supp. 2d 612,

619 (W.D. La. 2010) ("there can be no irreparable injury where money damages would adequately compensate the plaintiff"). Mississippi Resources argues that Miller cannot establish irreparable harm because an award of monetary damages would provide the plaintiff with an adequate remedy at law. In support of its motion to dismiss, the defendant points to Miller's Complaint, which alleges monetary damages to include "past, present, and future costs associated with remediation of surface and subsurface contamination, diminution of the value of the property, loss of livestock, loss of trees and vegetation, all other possible damage to the property, and punitive damages." Doc. 1-2, ¶ 23. According to Mississippi Resources, the plaintiff's demand for money damages for injuries arising from the alleged contamination undermines Miller's claim that no adequate remedy at law exists. See Doc. 5; AJ & K Operating Company v. Smith, 140 S.W. 3d 475, 482 (Ark. 2003) ("a claim for money damages due to contamination flies in the face of any contention that no adequate remedy at law exists").

In response, Miller maintains that he will be "irreparably injured if [the defendant] is allowed to continue operating its salt water disposal well." Doc. 6, p. 3. But aside from his conclusory assertion that irreparable harm will result, Miller has failed to produce a scintilla of evidence or legal authority to support that he will be irreparably injured if injunctive relief is denied. Miller's suit appears to be comprised of claims

5

substantially similar to those previously brought by the plaintiff against Mississippi Resources' predecessors-in-interest, and in his prior suit for negligence, Miller sought monetary damages without requesting injunctive relief. See Doc. 5-2. Though not determinative of the present issue, this fact certainly suggests that monetary damages may provide an adequate remedy at law for the plaintiff's alleged injury. Moreover, Miller has not presented any argument or explanation as to why the monetary damages demanded in his Complaint will provide an inadequate remedy in this case. Janvey, 647 F.3d at 600; see also Digital Generation, Inc. v. Boring, 869 F. Supp. 2d 761, 777-78 (N.D. Tex. 2012) (denying preliminary injunction where movant failed to adduce any evidence demonstrating irreparable harm); Matrix Partners VIII, LLP v. Natural Resource Recovery, Inc., 2009 WL 175132, at *7 (E.D. Tex. Jan. 23, 2009) (finding no irreparable injury where plaintiff provided no evidence to suggest that money damages demanded in complaint would be insufficient); Holland America Ins. Co. v. Succession of Roy, 777 F.2d 992, 997 (5th Cir. 1985) ("speculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant"). Finding no reason why the monetary damages alleged in Miller's Complaint will be insufficient to make the plaintiff whole, the Court concludes that Miller has failed to make a clear showing of irreparable injury.

Though the absence of irreparable injury necessitates the denial of injunctive relief in this case, the Court finds that Miller has also failed to make a clear showing as to any of the remaining prerequisites to injunctive relief under Rule 65. As to the first element, Miller argues that he is likely to succeed on the merits of his claim because Mississippi Resources has breached a contract and failed to fulfill its obligations pursuant to the underlying contract. See Doc. 6. But the plaintiff has not identified the alleged contract or its terms, nor has Miller shown how Mississippi Resources allegedly breached those terms. As to the third and fourth elements, Miller claims that the "balance of harm" would be tipped in his favor and that the requested relief is "fully consistent with the objective of protecting the public interest." Doc. 6, pp. 3-4. Yet, the plaintiff again relies solely upon his own unsupported, conclusory statements. Based on the record, the Court cannot conclude that Miller has made a clear showing that he is entitled to the "extraordinary and drastic relief" afforded by a temporary restraining order or preliminary injunction. Therefore, the plaintiff's request for a temporary restraining order and preliminary injunction shall be denied and the relevant portion of the Complaint dismissed.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Response to Defendant's Motion to Dismiss Count IV of the Complaint (docket entry 6) is

DENIED insofar as the plaintiff requests that the Court grant a temporary restraining order and preliminary injunction;

FURTHER ORDERED that Defendant's Motion to Dismiss Count IV of Plaintiff's Complaint for Temporary Restraining Order and Injunctive Relief (docket entry 4) is GRANTED;

FURTHER ORDERED that Count IV of Plaintiff's Complaint is dismissed.

SO ORDERED, this the 26th day of June, 2017.

/s/ David Bramlette
UNITED STATES DISTRICT COURT