**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**DAVID MILLER**                                                                **PLAINTIFF**

**v.**                                                     **CAUSE NO. 5:17-CV-41-DCB-MTP**

**MISSISSIPPI RESOURCES, LLC**                           **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on a Motion to Dismiss or Stay **[Doc. 35]** filed by Defendant Mississippi Resources, LLC ("Mississippi Resources"). Having considered the motion, Plaintiff David Miller's response in opposition, and applicable statutory and case law, and being otherwise fully informed in the premises, the Court finds as follows:

### I. BACKGROUND

At issue is whether a Pike County, Mississippi landowner complaining that his property was contaminated by an operator's oil and gas production activities must present his grievance to the Mississippi Oil and Gas Board (the "Board") before suing the operator. Because the Court concludes that he must, the Court stays this action pending the landowner's exhaustion of administrative remedies before the Board.

Plaintiff David Miller owns approximately 500 acres of real property located in Pike County, Mississippi, some of which is subject to oil and gas production and rights of way related thereto. Defendant Mississippi Resources is conducting oil, gas, and mineral production activities on some of these lands.

Miller sued Mississippi Resources in Pike County Court, alleging negligence, negligence per se, negligent infliction of emotional distress, and punitive damages.[1] He alleges that Mississippi Resources' "production activities" have caused "extensive surface and subsurface contamination," "saltwater contamination," "oil and other hydrocarbon contamination," and "production waste contamination." [Doc. 1-1, ¶7]

Mississippi Resources removed the case to this Court, invoking diversity jurisdiction, and now moves to dismiss or stay on the ground that Miller failed to exhaust administrative remedies pre-suit. Mississippi Resources reasons that because Miller's suit alleges contamination from oil and gas production activities, an issue within the Board's jurisdiction, Miller must present his claim to the Board before filing a lawsuit.

Miller rejoins that he need not present his claim to the Board because it lacks jurisdiction over saltwater-pipeline-based

---

[1] The Court dismissed Miller's request for injunctive relief with prejudice for failure to state a claim. [Doc. 12]

contamination. Recasting the allegations of his Complaint, Miller contends that his true gripe is with the "spill of saltwater mixed with soil." [Doc. 41, p. 2] This type of contamination, Miller insists, is not "production waste" subject to the Board's jurisdiction, but instead a non-exempt hazardous waste under the Resource Conservation and Recovery Act of 1976 ("RCRA"), 42 U.S.C. § 6972.[2]

## II. DISCUSSION

### A. The Board Has Regulatory Authority Over the Alleged Contamination

Before a plaintiff sues for activity subject to administrative agency review, she must seek relief from the agency charged with regulating the activity. State v. Beebe, 687 So. 2d 702, 704 (Miss. 1996).

This "exhaustion" requirement applies to a landowner's suit against an operator when the landowner alleges conduct or damage placing the suit within the Board's jurisdiction. Donald v. Amoco Prod. Co., 735 So. 2d 161, 176 (Miss. 1999) (en banc). The parties

---

[2] In 1980, Congress passed the Bentsen Amendments, PUB. L. 96-482, 42 U.S.C. § 6921(b)(2)(A), which exempted from RCRA certain wastes generated by activities associated with oil and gas production and exploration. Miller draws much of his argument opposing a stay from a "clarification" of the scope of the Bentsen Amendments. See Clarification of the Regulatory Determination for Wastes from the Exploration, Development and Production of Crude Oil, Natural Gas and Geothermal Energy, 58 Fed. Reg. 15284 (March 22, 1993), available at 1993 WL 78408.

3

dispute whether Miller's allegations fall within the Board's jurisdiction.

The Board is the state administrative agency with "exclusive authority" to regulate "the use, management, manufacture, production, ownership, investigation and noncommercial disposal of oil field exploration and production waste." Miss. Code Ann. § 53-1-17(7).

"Oil field exploration and production waste" includes "any chemical, produced water, sludge, oil-water emulsion, oil field brine, sediment, scale or other waste substance." Miss. Code Ann. § 53-1-3(t)(i).

Miller's allegations of contamination caused by oil and gas production activities confirm that his Complaint raises issues within the Board's regulatory authority.[3] Although he <u>argues</u> otherwise, Miller has <u>pleaded</u> that Mississippi Resources' operations caused "production waste contamination." [Doc. 1-1, ¶7] And "production waste contamination" is plainly "oil field exploration and production waste" under Section 53-1-3(t)(i) of the Mississippi Code.

---

[3] The Board's grievance procedure begins when an "interested person" asks the Board to convene to address an issue within its jurisdiction. Miss. Code Ann. § 53-1-29. The Board may then enjoin violations and issue penalties, if applicable. Miss. Code Ann. § 53-1-43.

The need for Miller to present his grievances to the Board is unaffected by Miller's request for tort damages — relief beyond the Board's power to grant. See Howard v. Totalfind E&P USA, Inc., 899 So. 2d 882, 888 (Miss. 2005). Because "the Board's authority embraces the types of harm suffered" by Miller, Miller must present his grievances to the Board before pursuing his common-law damages claims in this Court. Town of Bolton v. Chevron Oil Co., 919 So. 2d 1101, 1107 (Miss. Ct. App. 2005).

**B.   The Court Declines to Excuse Miller's Failure to Exhaust**

The parties appear to assume that exhaustion is required if Miller's Complaint raises issues subject to regulation by the Board. But it is not. Exhaustion is a judge-made rule with judge-made exceptions.

In deciding if it should excuse Miller's failure to exhaust, the Court considers whether (1) pursuing an administrative remedy would cause irreparable harm; (2) the Board "clearly" lacks jurisdiction; (3) the Board's position is illegal; (4) a legal issue is dispositive; (5) exhaustion would be futile; and (6) the suit is more efficiently resolved in this court. Pub. Emp. Retirement Sys. Of Miss. v. Hawkins, 781 So. 2d 899, 906 (Miss. 2010) (per curiam).

The first consideration, irreparable harm, cuts against excusing Miller's failure to exhaust. The Court determined, in its

5

Order and Opinion dismissing Miller's request for injunctive relief, that Miller failed to show a possibility of irreparable harm. [Doc. 12, pp. 4-6]

The second consideration, "clear" lack of jurisdiction, also weighs against excusing Miller's failure to exhaust. Though Miller contests the Board's jurisdiction on the ground that some of the contamination he alleges is non-exempt hazardous waste under RCRA, he fails to explain why his Complaint alleges damages caused by other forms of contamination within the Board's jurisdiction: "oil and other hydrocarbon contamination," "production waste contamination," and "extensive subsurface contamination." [Doc. 1-1, ¶7]

Rather than expose the Board's lack of jurisdiction over the issues raised by Miller's complaint, Miller's science-laden attempt to evade agency review highlights the need for the Board to determine its own jurisdiction and proceed accordingly. See Fillingame v. Miss. State Fire Academy, 217 So. 3d 686, 688-89 (Miss. Ct. App. 2016) (plaintiff cannot recharacterize her complaint to avoid agency review).

If Miller is correct, and jurisdiction over some of the contamination-creating conduct alleged turns on such issues as the timing of custody-transfer, then the Board, with its "specialized knowledge" of exploration and production, is best positioned to

6

make the jurisdictional determination. See Chevron U.S.A., Inc. v. Smith, 844 So. 2d 1145, 1148 (Miss. 2002) (en banc) (touting the Board's expertise in the area); Smith v. Transcontinental Gas Pipeline Corp., 310 So. 2d 281, 282 (Miss. 1975) (recognizing the Board's power to decline jurisdiction). It is enough for purposes of exhaustion analysis that Miller has not shown that the Board "clearly" lacks jurisdiction, particularly in light of the allegations in his Complaint that detail contamination "clearly" falling within the Board's jurisdiction.

The third consideration weighs against excusing Miller's failure to exhaust because the Board has not taken a "position" on any issue related to Miller's Complaint, let alone an "illegal" one.

The Court's analysis of the fourth, fifth, and sixth considerations confirms that exhaustion should be required here. The parties have not raised a dispositive legal issue. And far from futile, exhaustion would be useful if Miller's property is indeed contaminated in the manner he alleges. The Board can ensure what Court-awarded money damages cannot — that the affected property is actually remediated. And finally, because Miller's Complaint alleges production and exploration-related contamination, the dispute is more efficiently resolved by the Board than this Court.

## III. CONCLUSION

Miller's Complaint raises issues of contamination subject to the Board's regulatory authority, so Miller must exhaust Board-provided remedies before proceeding before the Court. The Court therefore stays this suit pending the Board's resolution of the issues raised by Miller's Complaint. See Town of Bolton, 919 So. 2d at 1103.

**ACCORDINGLY,**

**IT IS HEREBY ORDERED** that Defendant Mississippi Resources, LLC's Motion to Dismiss or Stay **[Doc. 35]** is **GRANTED IN PART** as to its request for a stay and **DENIED IN PART** as to its request to dismiss this action.

**FURTHER ORDERED** that this action is **STAYED** pending Plaintiff David Miller's exhaustion of available administrative remedies before the Mississippi Oil and Gas Board.

**SO ORDERED**, this the 16th day of February, 2018.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE